[No. 19445. Department Two.—August 24, 1895.]

## N. M. WEAVER, RESPONDENT, *v.* McKAY AND Mc-CANN ET AL., APPELLANTS.

MORTGAGE—ASSUMPTION OF DEBT BY VENDEE—PERFORMANCE OF AGREE-MENT—FRAUD.—Where there is an agreement between the vendor of mortgaged premises and the vendee that the mortgaged premises were to be conveyed subject to the indebtedness thereon, and the vendee simply accepted, in pursuance of the agreement, a deed not only made subject to the mortgage, but in which the grantees expressly assumed and agreed to pay, discharge, and satisfy the mortgage in consideration of the conveyance, the acceptance of such deed is no fraud upon them, and they have no claim for relief against liability to pay a judgment for the deficiency.

ID.—ISSUE AS TO FRAUD IN PROCURING ACCEPTANCE OF DEED—PLEADING—CONTRACT—EVIDENCE—FINDING.—Upon an issue as to whether the vendees were induced to accept the deed by fraud, the prior written agreement between the vendor and vendees is not evidence, and the fact that such agreement is set out in the answer as part of the charge of fraud, upon which issue there is a finding, does not create a distinct issue as to the contract, upon which there should be a separate finding, nor does the fact that the genuineness of the contract set out *in hæc verba* in the answer is not denied overcome other testimony upon the subject of the alleged fraud.

ID.—RECORD OF DEED—CERTIFIED COPY—PROOF OF ASSUMPTION OF MORT-GAGE DEBT—RECORD OF STIPULATION.—A certified copy of the record of the deed containing a contract for the assumption of the mortgage debt is evidence of the assumption therein set forth; and even had the stipulation to assume the mortgage debt been contained in a separate instrument it would have been entitled to be recorded under section 1158 of the Civil Code.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. M. K. HARRIS, Judge.

The facts are stated in the opinion of the court.

*Milton E. Babb,* for Appellants.

A fact contained in the findings of the court which contradicts the admission of the pleadings will not be regarded, and no presumption that it was founded upon competent evidence will be indulged. (*Burnett* v. *Stearns,* 33 Cal. 468.)

*J. H. Magoffey,* for Respondent.

The deed is the best evidence of the intention of the parties to the transfer. (Civ. Code, sec. 1698; *Grant* v. *Beronio,* 97 Cal. 499, 500; Code Civ. Proc., sec. 1951; *Eltzroth* v. *Ryan,* 89 Cal. 139; *Grant* v. *Oliver,* 91 Cal. 163.) Where any person, by his negligence, accepts a written instrument containing clauses of which he is unaware, he is bound by them, just as much as if he was acquainted with such clauses. (Jones on Mortgages, sec. 752; *Hawkins* v. *Hawkins,* 50 Cal. 558; *Metropolitan Loan Assn.* v. *Esche,* 75 Cal. 517, 518; *Bailey* v. *Fox,* 78 Cal. 396; *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 499, 500; *Pellier* v. *Gillespie,* 67 Cal. 582; *Thomson* v. *Bettens,* 94 Cal. 82; *Williams* v. *Naftzger,* 103 Cal. 440, and cases there cited; Wade on Notice, secs. 46, 47.)

TEMPLE, J.—This action was brought to foreclose a mortgage executed by Margaret Griffith and R. B. Johnson to secure the payment of their note for four thousand five hundred dollars to plaintiff.

After the mortgage was executed and recorded appellants purchased the premises, and took a deed from R. B. Johnson, who had become the sole owner, in which was contained the following:

"This conveyance is made subject to that certain mortgage made by Margaret M. Griffith, a married woman, and R. B. Johnson to N. M. Weaver, dated February 10, 1891, for the sum of $4,500, and recorded in volume 79 of Mortgages, at page 433, records of Fresno Co., Cal., which said mortgage and the note secured thereby, and the interest due and to grow due thereon, the grantees herein hereby assume and agree to pay, discharge, and satisfy, and to hold grantees [grantors] herein harmless therefrom, as a part of the consideration of this conveyance."

The deed was executed January 17, 1893, and was in performance of an agreement between Johnson and appellants made December 20, 1892. In that agreement it was stipulated that Johnson should receive from ap-

pellants a described tract of land, in consideration of
which, and of one thousand dollars cash, he would con-
vey to appellants various tracts, and among them the
mortgaged premises.   Some of the other tracts were also
encumbered.   As to one, it was stipulated that it should
be conveyed subject to a mortgage of eighteen hundred
and fifty dollars; as to the mortgaged premises in ques-
tion here, that it should be conveyed "subject to the
indebtedness thereon."

It is contended that the deed does not accord with
the agreement in this, that by the agreement appellants
were to take the land subject to the mortgage, whereas
by the deed they are made to assume the payment of
the mortgage debt, and thereby to become liable to pay
a judgment for deficiency if the land does not sell for
enough to pay the debt.   They aver in their answer
that they were induced to accept the deed containing
this stipulation by the fraudulent assurance of Johnson
that it was exactly like the other deed, which was only
subject to the mortgage.   Upon this issue the court
found for the plaintiff, and the finding is abundantly
sustained by the evidence.

Appellants' counsel contends, however, that because
the agreement is set out in the answer *in hæc verba,*
and its genuineness is not denied, it overcomes all other
testimony upon the subject.

If it be conceded that the stipulation contained in the
agreement did not require that appellants should assume
the payment of the mortgage debt, still, if they know-
ingly accepted as performance such a deed, it was no
fraud upon them, and they have no claim for relief.
Upon the issue as to whether they were induced to ac-
cept the deed by fraud, the written agreement is not
evidence.

I cannot understand the claim that setting out the
contract in the answer tendered or made a distinct issue
upon which there should have been a finding.   It is set
out as a part of the charge of fraud, and upon that issue
there is a finding.

Exception was taken to the offer of the deed in evidence to prove the assumption of the mortgage debt by appellants, on the ground that such portion of the deed was no part of the conveyance, and did not need to be recorded, and, therefore, a certified copy of the record is not evidence.   The construction contended for is too narrow, but, even had the stipulation been contained in a separate instrument, it would be entitled to record under section 1158 of the Civil Code.

The judgment and order are affirmed.

Henshaw, J., and McFarland, J., concurred.